UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CLYDE PAUL HYMEL** | * | CIVIL ACTION NO. |
| | * | |
| **VERSUS** | * | SECTION: |
| | * | |
| **FIDELITY NATIONAL INSURANCE** | * | |
| **COMPANY AND THE NATIONAL** | * | **JURY TRIAL DEMANDED** |
| **FLOOD INSURANCE PROGRAM** | * | |
| | * | |
| | * | |

*************************************************************************

## COMPLAINT

**NOW INTO COURT,** through undersigned counsel, comes Plaintiff, Clyde Paul Hymel, a person of the full age of majority and domiciled in the Parish of St. John the Baptist, State of Louisiana, who respectfully represents that:

1.

Made Defendants herein are:

a) Fidelity National Insurance Company ("Fidelity"), a foreign insurance company authorized to do and doing business in the Parish of St. John the Baptist, State of Louisiana. At all times pertinent herein, Fidelity provided flood coverage to Plaintiff through the National Flood Insurance Program.

b) The National Flood Insurance Program ("NFIP"), a governmental entity which at all times pertinent herein provided flood insurance coverage to Plaintiff for the Residence.

2.

The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1332 as the parties' citizenships are completely diverse and the amount in controversy exceeds $75,000.00.

3.

Defendants are justly and truly indebted to Petitioner herein for damages reasonable in the premises, together with legal interest thereon from the date of judicial demand until paid, and for costs in these proceedings, for the following, to-wit:

4.

Plaintiff owns residential property located at 340 Devon Road, LaPlace, Louisiana, 70068 ("the Residence").

5.

Plaintiff contracted with the Defendants to provide a flood insurance policy, number 171150645497 ("the Policy"), which provided coverage against certain perils associated with flooding in the event that the buildings, structures and contents located at the Residence should become damaged or rendered a total loss as a result of impact or injury suffered as a result of such perils.

6.

Plaintiff further alleges that at all times relative to this complaint, the Policy was in full force and effect.

7.

In the days preceding August 28, 2012, weather forecasters and government officials predicted that Hurricane Isaac, then in the Gulf of Mexico, would severely impact southeastern Louisiana.

8.

On the morning of August 28, 2012, Hurricane Isaac approached the Gulf Coast. The storm first made landfall in southeast Louisiana near the mouth of the Mississippi River at approximately 6:00 p.m. before shifting slightly west for a second landfall on August 29, 2012 near Port Fourchon, Louisiana at approximately 2:00 a.m. The storm surge levels recorded by the National Weather Service in the areas closest to the Residence were between 10 and 17 feet. The event caused widespread devastation and damage, including damage to the Residence.

9.

During Hurricane Isaac, the buildings, structures and contents located at the Residence sustained substantial flood damage, rendering the Residence uninhabitable and necessitating extensive repairs.

10.

In compliance with the Policy, Plaintiff promptly reported the resulting damages sustained by the Residence to Fidelity.

11.

Following Hurricane Isaac, representatives of Fidelity either viewed the flood damage to the Residence or were directly advised of the nature and scope of damages by Plaintiff.

12.

Despite having been provided with sufficient proof of loss, the Defendants have acted in bad faith by refusing to tender sufficient payment in accordance with the terms of the Policy and in doing so, have breached the Policy. Coverage under the Policy remains available and is due to Plaintiff herein.

13.

As a proximate consequence of the above-described breach of contract by Defendants, the Plaintiff has suffered damages in that the claims for full, fair, and just compensation to the full extent of its actual losses have not been paid.  Plaintiff has provided Defendants with ample opportunity to reassess and reevaluate their position but Defendants have failed to do so. Plaintiff has yet to receive a reasonable tender from Defendants as a result of its August 28, 2012 loss.

14.

Defendants are liable unto Petitioner under the following legal theories:

a) Breach of contract;

b) Bad faith claims adjusting;

c) Negligent claims adjusting;

d) Intentional infliction of emotional distress; and

e) Any and all other legal theories which may be found through discovery and proven at the trial of this matter.

15.

As a result of the actions of the Defendants named herein, Plaintiff has suffered the following non-exclusive list of damages:

a) Loss of use of property and additional living expenses;

b) Loss of enjoyment of property;

c) Diminution in value of property;

d) Repair and remediation expenses;

e) Damage to and loss of contents;

f) Mental anguish;

4

g)   Attorney's fees;

h)   Costs of this litigation; and

i)   Any and all other damages which will be shown and proven at the trial of this matter.

16.

Plaintiff reserves the right to supplement and amend this complaint.

17.

Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff herein prays that after expiration of all legal delays and due proceedings, there be judgment rendered in favor of Plaintiff and against Defendants, in an amount that will fully compensate Plaintiff for the damages resulting from the covered perils, and in accordance with the law, all sums with legal interest thereon from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

Respectfully Submitted,

_____
**EARL G. PERRY, JR., BAR NO. 10523**
**Gauthier, Houghtaling & Williams, LLP**
3500 North Hullen Street
Metairie, Louisiana 70002
Telephone: (504) 456-8600
Facsimile: (504) 456-8624
E-mail: earl@ghwlegal.com
**COUNSEL FOR PLAINTIFF**

**SERVICE TO BE PROCURED THROUGH**
**CERTIFIED MAIL/WAIVER OF SERVICE**