UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLYDE PAUL HYMEL                              CIVIL ACTION

VERSUS                                        NO: 13-5648

FIDELITY NATIONAL INSURANCE                   SECTION: J(2)
COMPANY, ET AL

### ORDER AND REASONS

Before the Court is a *Motion for Summary Judgment* **(Rec. Doc. 27)** filed by Defendant, Fidelity National Insurance Company ("Fidelity"), and an *Opposition* (**Rec. Doc. 28**) by Plaintiff, Clyde Paul Hymel ("Plaintiff"). Having considered the motion, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, that the motion should be **GRANTED**.

### PROCEDURAL AND FACTUAL BACKGROUND

Fidelity serves as a Write-Your-Own ("WYO") Program Carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP"). The NFIP was established by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001, and is administered by the Federal Emergency Management Agency ("FEMA"). Under the NFIP, Fidelity acts as a WYO Program Carrier pursuant to an Arrangement with FEMA ("the Arrangement"), in which Fidelity issues Standard Flood Insurance Policies ("SFIPs") to claimants insured under the

1

NFIP.

Plaintiff's home is insured by Fidelity pursuant to the NFIP. Specifically, Fidelity issued an SFIP to Plaintiff which provided coverage for damage incurred by flooding for both Plaintiff's dwelling itself, as well as the contents of the dwelling. The terms of Plaintiff's SPIF require that in order to recover on a claim for flood damage, an insured must submit within sixty (60) days after the loss is incurred, a proof of loss supported by "specifications of damaged buildings and detailed repair estimates" (among other documentation requirements). Fidelity granted a blanket extension of this requirement for all claimants who sustained flood damage during Hurricane Isaac, allowing them to file documented proofs of losses within 240 days of the date the loss was incurred.

Plaintiff alleges that on or about August 29, 2012, as a result of Hurricane Isaac, he sustained serious damage to his home and its contents, which were covered by the insurance policy. Shortly thereafter, Plaintiff notified Fidelity of his intent to file an insurance claim. Fidelity then arranged for Travis Allman, an independent adjuster, to inspect Plaintiff's property and compile an estimate of damage. After an inspection of the property, Mr. Allman prepared a report which totaled $55,616.76 in estimated damage to the main building, $1,695.24 in estimated damage to the detached garage, and $36,943.73 in estimated damage to the contents of the property, for a total of $94,255.73 in damage. Plaintiff

then executed and timely delivered to Fidelity a signed proof of loss in the amount of $94,255.73. Fidelity did not dispute this amount of coverage and paid this amount to Plaintiff. Plaintiff does not dispute that he has received this payment.

After this payment was made, Plaintiff retained the services of a second adjuster from Michaelson and Messinger Insurance Specialists, LLC ("M&M") to compile an estimate. This estimate totaled damage in the amount of $290,041.89. Plaintiff then filed a supplemental claim with Fidelity for payment of the additional damage detailed in the M&M report, which Fidelity had not covered in the original payment. Plaintiff alleges that in support of his claim for additional benefits, he submitted the estimate report compiled by M&M. Fidelity refused to make any payments beyond the amount they originally paid to Plaintiff.

Plaintiff then filed suit against Fidelity before this Court on August 13, 2013, alleging that Fidelity breached the insurance contract and acted in bad faith by refusing to tender the additional benefits. On October 17, 2013, this Court granted Fidelity's partial motion to dismiss and dismissed with prejudice Plaintiff's claims against Fidelity for attorney's fees and bad faith. Fidelity then filed the instant motion, seeking summary judgment in its favor and the dismissal of all of Plaintiff's remaining claims. Fidelity argues that because Plaintiff failed to satisfy the strict conditions of his SPIF, namely by failing to

submit a signed proof of loss in support of his claim for additional benefits, Fidelity was not required, and in fact not permitted, to make payment on these additional benefits. Because of this failure, Fidelity argues that Plaintiff is procedurally barred from receiving payment on his claim for additional benefits.

**LEGAL STANDARD**

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no material issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *See also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will

bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted).  The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325.  The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a material issue exists. *See id.* at 324.  The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a material issue for trial.  *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## **DISCUSSION**

Fidelity contends that it is entitled to summary judgment on Plaintiff's claims because Plaintiff has failed to comply with the stringent requirements of his insurance policy. "Federal law

governs interpretation of NFIP polices." *Kidd v. State Farm Fire & Cas. Co.*, 392 F. App'x 241, 243 (5th Cir. 2010). Because payments on SFIPs ultimately come from the federal treasury, the Fifth Circuit has repeatedly recognized that conditions of SFIPs, such as the aforementioned condition, must be "strictly construed and enforced." *Forman v. FEMA*, 138 F.3d 543, 545 (5th Cir. 1998); *Richardson v. Am. Bankers Ins. Co. of Fla.*, 279 F. App'x. 295, 298 (5th Cir. 2008) (citing *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir. 1998)). Courts should not, even in "hard cases," allow plaintiffs to circumvent these regulations, as providing for such "would disregard 'the duty of all courts to observe the conditions defined by Congress for charging the public treasury.'" *Forman*, 138 F.3d at 545 (quoting *Office of Pers. Mgmt. v. Richmond*, 110 S.Ct. 2465, 2469 (1990)). As such, a rule allowing for claimants to recover against Fidelity and other WYO Program Carriers despite only "substantial compliance" with the terms of their SFIP would be "contrary to [Fifth Circuit] caselaw." *Marseilles Homeowners Condo. Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1056 (5th Cir. 2008) (citing *Richardson*, 143 F.3d at 299).

Fidelity argues that Plaintiff is not entitled to payment on his additional benefits because he has failed to satisfy the "Proof of Loss" requirement. Article VII(J)(4) of Plaintiff's SFIP requires Plaintiff to "within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are

claiming under the policy signed and sworn to by you." (Rec. Doc. 27-2, p. 7). Neither party disputes that Plaintiff initially satisfied this burden by submitting a verified proof of loss for $94,255.73 in conjunction with his first claim. However, Fidelity argues that Plaintiff was required to submit the same type of proof of loss to support his supplemental claim for additional benefits. Because he failed to do so, and instead submitted only the estimate report compiled by M&M, Fidelity contends that Plaintiff has failed to strictly abide by the requirements of his SFIP and is not entitled to payment for the additional benefits. In his *Opposition*, Plaintiff argues that the submission of the M&M estimate to Fidelity was sufficient to satisfy the proof of loss requirement for the additional benefits and trigger Fidelity's duty to make payment on Plaintiff's supplemental claim.

This Court has previously recognized that the duty to submit a verified proof of loss applies "not only to initial claims made by policyholders, but also to additional and/or supplemental claims filed with the policy provider." *Fowl, Inc. v. Fidelity Nat. Property and Cas. Ins. Co.*, No. 12-283, 2013 WL 392599, at *1 (E.D. La. Jan. 31, 2013) (Barbier, J.) (citing *Richardson*, 279 F.App'x at 298 (affirming a grant of summary judgment where the district court dismissed plaintiff's case for failure to file a proof of loss for additional benefits sought post-Hurricane Katrina); *Dogwood Grocery, Inc. v. S.C. Ins. Co.*, 49 F.Supp.2d 511, 513 (W.D.La.1999)

(holding that there is no substantive law to support the proposition that a subsequent amendment of a claim does not require a proof of loss)). Indeed, "in cases construing the terms of the SFIP, we have held that an insured must file a sworn proof of loss before seeking damages in excess of the amount paid by the insurer. *Kidd*, 392 F.App'x at 243 (5th Cir. 2010) (citing *Marseilles*, 542 F.3d at 1055-56 (5th Cir. 2008)). As such, it is clear that Plaintiff was required to submit a proof of loss in compliance with Article VII(J)(4) for his supplemental claim.

The parties dispute whether the estimate compiled by M&M's adjuster satisfies the requirements imposed by Article VII(J)(4) as a proper proof of loss. In support of his argument that the submission of this estimate acts as a valid proof of loss, Plaintiff relies on the language of the Appendix to the federal regulations governing the NFIP, which informs insureds that:

> At our option, we may accept the adjuster's report of the loss instead of your proof of loss. The adjuster's report will include information about your loss and the damages you sustained. You must sign the adjuster's report. At our option, we may require you to swear to the report.

44 C.F.R. § Pt. 61, App. A(1), art VII(J)(9). However, contrary to Plaintiff's contention, this language is not intended to act as a waiver of one of the most stringent requirements contained in SFIPs. As noted by the Eighth Circuit, "we do not interpret this document to waive one of the policy's most important requirements when the text plainly says the opposite." *McCarty v. S. Farm Bureau*

8

*Cas. Ins. Co.*, 758 F.3d 969, 973-74 (8th Cir. 2014). This text states only that an insurance company *may* waive the right to accept formal proof of loss documents and *may* choose to accept the less formal adjuster's report. Thus, in order to waive the stringent proof of loss requirement, affirmative action by the insurance company is required. The Fifth Circuit has recognized that an insurance company may execute such a waiver and choose to accept adjuster's reports either by expressly stating such in the terms of its policy or by including a statement permitting acceptance of an adjuster's report as proof of loss in a press release distributed to all policyholders. *See Kidd*, 392 F. App'x at 243; *Wientjes v. Am. Bankers Ins. Co. of Fla.*, 339 F.App'x 483, 484 (5th Cir. 2009). Here, there is no evidence that Fidelity engaged in either type of conduct. In fact, in his extremely brief *Opposition*, Plaintiff points to absolutely no evidence to support a contention that such a waiver was executed. As such, the Court finds there is no genuine issue that Fidelity did not waive its stringent proof of loss requirement, and submission of an adjuster's report does not meet the criteria set forth in Article VII(J)(4) of the SFIP.

Additionally, Plaintiff fails to advise the Court regarding whether he satisfied the requirements which would be imposed if such a waiver did occur. While Plaintiff argues that he provided Fidelity with a copy of the M&M estimate "by way of facisimile [sic]," he makes no mention of whether he signed this report prior

to its submission. (Rec. Doc. 28, p. 2). When a plaintiff fails to provide proof that he has signed and sworn to an adjuster's report in lieu of a proof of loss, this Court has previously held that such a report fails to comply with the proof of loss requirement. *White v. Allstate Ins. Co.*, No. 13-5634, 2015 WL 507024, at *3 (E.D. La. Feb. 6, 2015) (Lemmon, J.).

"Because the provisions of an insurance policy issued pursuant to a federal program must be strictly construed and enforced, . . . an insured's failure to provide a complete, sworn proof of loss statement, as required by the flood insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid claim." *Marseilles*, 542 F.3d at 1056 (citing *Richardson*, 143 F.3d at 299; *Gowland*, 143 F.3d at 954 (internal quotations omitted)). Here, the facts are clear that Plaintiff failed to provide Fidelity with a proof of loss for the additional benefits for which he filed a supplemental claim. Because no genuine issue exists that Plaintiff's supplemental claim was procedurally barred and that Fidelity owed no duty under the SFIP to make payment on Plaintiff's additional benefits, summary judgment on Plaintiff's claims is appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment* **(Rec. Doc. 27)** is **GRANTED.**

10

**IT IS FURTHER ORDERED** that all of Plaintiff's claims against Defendant, Fidelity National Insurance Company, in this matter are hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 6th day of March, 2015.

_____

CARL J. BARBIER

UNITED STATES DISTRICT JUDGE

11